FILED
8/30/2017 3:31 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Krystal Gonzalez

cit cml sac1

CAUSE NO. **2017CI16536**

| | | |
|---|---|---|
| NISHA CORPORATION<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| vs. | §<br>§ | 166<br>_____ JUDICIAL DISTRICT |
| UNITED STATES LIABILITY<br>INSURANCE COMPANY,<br>Defendant. | §<br>§<br>§<br>§ | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**NISHA CORPORATION**, Plaintiff herein, files this its Original Petition against Defendant, **UNITED STATES LIABILITY INSURANCE COMPANY** (referred to as Defendant) and in support of its causes of action, would respectfully show the Court the following:

### I.   PARTIES

1.   Plaintiff, Nisha Corporation is a Domestic For-Profit Corporation that has an interest in the property made the basis of this suit. Said property is located at: <u>2610 West Avenue, San Antonio, Texas 78201 (herein referred to as the "Convenient Store")</u>.

2.   **UNITED STATES LIABILITY INSURANCE COMPANY** ("Insurance Co.") is a foreign entity authorized to engage in the insurance business in the State of Texas, and may be served by serving its Registered Agent for Service of Process, **Lisa Mann of Bingham, Mann & House located at 4500 Yoakum Blvd., Houston, Texas 77006**. Service is requested by certified mail, return receipt requested.

### II.   DISCOVERY

3.   Plaintiff intends to conduct discovery under Level 3 of Texas Rules of Civil Procedure 190.

### III.   CLAIM FOR RELIEF

4.   Plaintiff does not wish to impose any limit on what it may present to the jury or what

1



the jury may consider as a range of damages in this case; however, it makes the following representation in compliance with Tex. R. Civ. P. 47(c) to aid in the efficient court administration. Plaintiff believes that the most reasonable option afforded under Tex. R. Civ. P. 47, at this time, prior to the completion of discovery in the case, is to seek monetary relief in excess of $1,000,000, exclusive of interest and costs, which is the only option that does not require Plaintiff to select a speculative, arbitrary cap on its damages. Plaintiff reserves the right to modify or adjust this statement, as the litigation progresses and additional evidence is compiled. Regardless of what Plaintiff must state for administrative purposes as the amount of damages it seeks pursuant to Tex. R. Civ. P. 47(c), it desires to leave the final determination of damages, if any, to the sole province of the jury, based upon the credible evidence presented to the jury at trial.

### IV.  JURISDICTION AND VENUE

5.  This court has subject matter jurisdiction of this cause of action, because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

6.  Venue is proper in Bexar County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.

### V.  FACTUAL BACKGROUND

7.  Plaintiff owns a Convenience Store located in Bexar County, Texas.

8.  Plaintiff entered into an agreement with Defendant to protect the Convenience Store from, among other things, wind and hail damage. Defendant issued a written insurance policy and assigned policy number BP 1588752 to that agreement (herein referred to as the "Policy").

9.  Plaintiff is a named insured under the Policy.

10. In April 2016 wind/hail storms hit Bexar County, Texas, damaging Plaintiff's Convenience Store and other property. Plaintiff then timely filed a claim on the Policy.

11. Defendant hired Prodigy Assurance Adjusters to handle Plaintiff's claim.

12. Upon information and belief, an adjuster visited the property on March 8, 2017. The

adjuster claims that he did not observe any wind or hail damage to the roof.

13. Defendant then hired a consultant with Rimkus Consulting Group to perform a second inspection of the roof. On or about March 29, 2017, a representative of Rimkus visited the convenience store and "confirmed the adjuster's findings that there [was] no wind or hail damage."

14. Defendant and its adjuster conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were noted during the inspection, and undervalued the damages found by their own engineer.

15. Defendant's and its adjuster's unreasonable investigation led to no payment of Plaintiff's claim.

16. Moreover, Defendant and its adjuster performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI.   CAUSES OF ACTION

17. Each of the foregoing paragraphs is incorporated by reference in the following:

### A.   Breach of Contract

18. Defendant had a contract of insurance with Plaintiff. Defendant breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

### B.   Prompt Payment of Claims Statute

19. The failure of Defendant to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

20. Plaintiff, therefore, in addition to Plaintiff's claim for damages is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

### C.   Bad Faith/DTPA

21. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

22. Defendant violated § 541.051 of the Texas Insurance Code by:

(1)     making statements misrepresenting the terms and/or benefits of the policy.

23. Defendant violated § 541.060 by:

(1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3)     failing to promptly provide Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)     failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5)     refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

24. Defendant violated § 541.061 by:

(1)     making an untrue statement of material fact;

(2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3)     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)     making a material misstatement of law; and

(5)     failing to disclose a matter required by law to be disclosed.

25. At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

26. Defendant violated the Texas Deceptive Trade Practices Act in the following

respects:

(1) Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2) Defendant failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3) Defendant, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that this Defendant took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

27. Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**D.   Breach of Duty of Good Faith and Fair Dealing**

28. Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying and/or delaying payment on Plaintiff's valid claim when Defendant knew or should have known liability in this matter was reasonably clear. Defendant is therefore liable to Plaintiff.

**E.   Attorneys' Fees**

29. Plaintiff engaged the undersigned attorneys to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any

appeal.

30. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because Plaintiff is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

31. Plaintiff further prays that it be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Sections 541.152 of the Texas Insurance Code.

## VII.   CONDITIONS PRECEDENT

32. All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## VIII.   DEMAND FOR JURY

33. Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## IX.   DISCOVERY REQUESTS

34. Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

35. You are also requested to respond to the attached interrogatories, requests for production and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## X.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing of the case, it recovers all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such

other and further relief, general or special, at law or in equity, to which Plaintiff may show itself to be justly entitled.

<div style="margin-left: 40%;">

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone:   (210) 562-2888
Telecopier:   (210) 562-2873
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com

By: _/s/ M. K. Whyte_____
MARC K. WHYTE
State Bar No. 24056526

**PRESTON DUGAS LAW FIRM, PLLC**
309 W. 7th St., Ste 1100
Fort Worth, Texas 76102
Telephone:   (817) 945-3061
Facsimile:   (682) 219-0761
Email: preston@pjdlawfirm.com

By: _____
PRESTON J. DUGAS III
State Bar No. 24050189

**ATTORNEYS FOR PLAINTIFF**

</div>

## PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

COMES NOW Plaintiff(s) in the above-styled and numbered cause, and requests that Defendant(s) (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the Requests for Admissions separately and fully in writing within 50 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Admissions on Plaintiff by and through its attorneys of record, Marc Whyte, Whyte, PLLC, 1045 Cheever Blvd., Suite 103, San Antonio, Texas 78217; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service to Whyte, PLLC. You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

    a.    You know the response made was incorrect or incomplete when made; or

    b.    You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

## DEFINITIONS AND INSTRUCTIONS

A.     These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.     If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C.     If you claim that any document which is required to be identified or produced by you in any response is privileged:
        1. Identify the document's title and general subject matter;
        2. State its date;
        3. Identify all persons who participated in its preparation;
        4. Identify the persons for whom it was prepared or to whom it was sent;
        5. State the nature of the privilege claimed; and

      6. State in detail each and every fact upon which you base your claim for privilege.

D. "Documents," includes any written, recorded or graphic matter, however produced or reproduced, of every kind regardless of where located including, but not limited to, medical records, tax returns, earnings statements, any summary, schedule, memorandum, note, statement, letter, telegraph, interoffice communication, report, diary, ledger, journal, log, desk or pocket calendar or notebook, day book, appointment book, pamphlet, periodical, worksheet, cost sheet, list, graph, chart, telephone or oral conversation, study, analysis, transcript, minutes, accounting records, data sheet, tally or similar freight documents, computer printout, electronic mail, computer disk, and all other memorials of any conversations, meetings and conferences, by telephone or otherwise, and any other writing or recording which is in your possession, custody or control or in the possession, custody or control of any director, officer, employee, servant or agent of yours or your attorneys. The term "documents" shall also include the files in which said documents are maintained. Electronically stored information should be produced in PDF format.

E. "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

F. In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:

    1. His or her name;
    2. His or her last known business and residence address and telephone number; and
    3. His or her business affiliation or employment at the date of the transaction, event or matter referred to.

G. If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

H. "Plaintiffs" and "Plaintiff" includes all Plaintiffs, and refers to a single Plaintiff or multiple Plaintiffs, if applicable.

I. "Property" means the property at issue in the lawsuit.

J. "Lawsuit" means this lawsuit.

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone:   (210) 562-2888
Telecopier:   (210) 562-2873
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com

By: _____
MARC K. WHYTE
State Bar No. 24056526

**PRESTON DUGAS LAW FIRM, PLLC**
309 W. 7th St., Ste 1100
Fort Worth, Texas 76102
Telephone:   (817) 945-3061
Facsimile:   (682) 219-0761
Email: preston@pjdlawfirm.com

By: _____
PRESTON J. DUGAS III
State Bar No. 24050189

**ATTORNEYS FOR PLAINTIFF**

## INTERROGATORIES TO DEFENDANT
## UNITED STATES LIABILITY INSURANCE COMPANY

1. Identify the name, address, and role in the claim made the basis of this Lawsuit, if any, for all persons providing information for the answers these interrogatories.

   ANSWER:

2. Identify all persons and/or entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

   ANSWER:

3. Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under either the policy or the Texas Insurance Code, and, if so, describe how the notice was deficient, and identify any resulting prejudice caused to Defendant.

   ANSWER:

4. Does Defendant claim that Plaintiff(s) failed to mitigate his or her damages? If so, describe how Plaintiff failed to do so, identifying any resulting prejudice caused to Defendant.

   ANSWER:

5. Does Defendant contend that Plaintiff(s) failed to provide Defendant with requested documents and/or information? If so, identify all requests to which Plaintiff(s) did not respond and state whether you denied any portion of the claim based on Plaintiff's(s') failure to respond.

   ANSWER:

6. At the time the claim made the basis of this Lawsuit was investigated and the Property inspected (and prior to anticipation of litigation), describe all damage attributable to the storm observed at the Property by Defendant or any persons or entities on behalf of Defendant.
   ANSWER:

7. Identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

   ANSWER:

8. Describe how Defendant determined whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, identifying the criteria for that determination.

   ANSWER:

9. Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

ANSWER:

10. To the extent Defendant utilized an estimating software program and modified the manufacturer's settings with respect to Plaintiff's claim, identify those modifications.

ANSWER:

11. State whether Defendant applied depreciation to the tear off of the damaged roof and/or other debris removal in the claim made the basis of this Lawsuit, identifying the basis for that depreciation and the applicable policy section under which the tear off was paid under.

ANSWER:

12. Identify all price lists used to prepare all estimates on the claim made the basis of this Lawsuit, stating the manufacturer, version, date and geographical area.

ANSWER:

13. To extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis of lawsuit wrongly included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the claim made the basis this Lawsuit.

ANSWER:

14. To the extent Defendant is aware, state any violations of Texas Insurance Code Section 541 that were discovered on this claim during the claims handling process.

ANSWER:

15. To the extent Defendant is aware, state any violations of Texas Insurance Code Section 542 that were discovered on this claim during the claims handling process.
ANSWER:

## REQUESTS FOR PRODUCTION TO DEFENDANT
## UNITED STATES LIABILITY INSURANCE COMPANY

1.  The following insurance documents issued for the Property as identified in the Petition:

    a.  the policy at issue for the April 2016 wind/hail storm as identified in the Petition; and

    b.  the policy declarations page for the 3 years preceding the storm and any endorsements.

RESPONSE:

2.  Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property at issue. This request is limited to the past 5 years. To the extent Defendant contends that the underwriting file or documents older than 5 years impact the damages or coverage, produce that underwriting file or document.

RESPONSE:

3.  All documents relating to the condition or damages of the Property or any insurance claim on the Property.

RESPONSE:

4.  All documents relating to any real property insurance claims made by the Plaintiff(s). This request is limited to the past 5 years. To the extent Defendant contends that documents older than 5 years impact the damages or coverage, produce that document.

RESPONSE:

5.  All requests for information to any third party about the Property, the Plaintiff(s), or the claims made the basis of this Lawsuit.
RESPONSE:

6.  All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of these types of claims, i.e., hail property damage.

RESPONSE:

7.  All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Property made the basis of this lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

RESPONSE:
8.  Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is

unmodified.

RESPONSE:

9. A complete copy of the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

RESPONSE:

10. If an engineer and/or engineering firm evaluated the Property, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 5 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

RESPONSE:

11. All documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

RESPONSE:

12. All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

13. All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims occurring in the county of suit on or about the April 2016 claimed by Plaintiff(s).

RESPONSE:

14. All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiff's claim.

RESPONSE:

15. The claim file related to the claim made the basis of this lawsuit, including all communications between Plaintiff and Defendant, and any of Defendant's agents.

RESPONSE:

## FIRST SET OF REQUESTS FOR ADMISSIONS
## TO DEFENDANT UNITED STATES LIABILITY INSURANCE COMPANY

**REQUEST FOR ADMISSION NO. 1.** Admit you committed statutory bad faith in adjusting Plaintiff's claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 2.** Admit you committed common law bad faith in adjusting Plaintiff's claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 3.** Admit you breached the insurance agreement by failing to pay the full amount owed there under.

RESPONSE:

**REQUEST FOR ADMISSION NO. 4.** Admit you breached the insurance agreement by failing to pay the full amount owed there under on a timely basis.

RESPONSE:

**REQUEST FOR ADMISSION NO. 5.** Admit you breached the Texas Prompt Payment Act by failing to pay the full amount owed under the policy in a timely fashion.

RESPONSE:

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone:   (210) 562-2888
Telecopier:   (210) 562-2873
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com

By: _/s/ M. K. Whyte_
MARC K. WHYTE
State Bar No. 24056526
**PRESTON DUGAS LAW FIRM, PLLC**
309 W. 7th St., Ste 1100
Fort Worth, Texas 76102
Telephone:   (817) 945-3061
Facsimile:   (682) 219-0761
Email: preston@pjdlawfirm.com

By: _____
PRESTON J. DUGAS III
State Bar No. 24050189

**ATTORNEYS FOR PLAINTIFF**